1  ROBINSON MARKEVITCH LLP
2  Damion D. D. Robinson, SBN 262573
       dr@robinsonmarkevitch.com
3  David Markevitch, SBN 256163
       dm@robinsonmarkevitch.com
4  718 University Avenue, Suite 214
   Los Gatos, California 95132
5  Tel. (408) 649-5005
6
7  Attorneys for Plaintiff

8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  MOHAMMAD PARSA HOSSEINI, an
    individual,                                  **Case No.: 24-cv-06758-SI**
13
                                                 **FIRST AMENDED COMPLAINT FOR**
14                          Plaintiff,           **DAMAGES FOR:**

15              vs.                              1. **DISCRIMINATION (FEHA);**
                                                 2. **HARASSMENT (FEHA);**
16  SIEMENS CORPORATION, a Delaware             3. **RETALIATION (FEHA);**
    corporation; and DOES 1 through 20,         4. **RETALIATION (CAL. LAB. CODE**
17  inclusive,                                      **§ 1102.5);**
                                                 5. **WRONGFUL TERMINATION IN**
18                          Defendant.              **VIOLATION OF PUBLIC POLICY**

19                                               **DEMAND FOR JURY TRIAL**
20

21

22

23

24

25

26

27

28

                            FIRST AMENDED COMPLAINT

Plaintiff, Mohammad Parsa Hosseini an individual ("Hosseini" or "Plaintiff") alleges for his Complaint against Defendants Siemens Corporation, a Delaware corporation, ("Siemens" or "Defendant"), and DOES 1 through 20, inclusive (collectively with Siemens, "Defendants"), as follows:

Allegations as to Plaintiff are made on personal knowledge and all other allegations are made on information and belief.

## I.      INTRODUCTION

1.      Claimant Mohammad Parsa Hosseini is an ethnically Persian man over the age of forty years. He worked for Respondent Siemens Corporation ("Siemens") as an engineer.

2.      Plaintiff holds himself openly as a Muslim, a Persian ethnically, and an immigrant from Iran.

3.      Siemens discriminated against and harassed Hosseini based on his gender, sex, race/ethnicity, religion, national origin, and disability. When Hosseini complained of this unlawful conduct to Siemens, the company retaliated with increasingly severe employment actions culminating in termination.

4.      Siemens also failed to engage in an interactive process after Hosseini requested accommodation for his disabilities and failed to accommodate his disabilities. Instead, Siemens terminated Hosseini's employment.

## II.      PARTIES

5.      Plaintiff Mohammad Parsa Hosseini is an individual and a resident of the State of California.

6.      Defendant Siemens Corporation is a Delaware corporation that does business in the State of California, including the County of Alameda. All facts and circumstances alleged in this Complaint took place at a Siemens facility located in Berkeley, California.

7.      Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 20, inclusive, and, thus, sues them under these fictitious names. Plaintiff is informed and believes that these Doe Defendants are in some manner legally responsible for the acts and omissions alleged herein, and for Plaintiff's damages, due to their negligence, recklessness, strict

FIRST AMENDED COMPLAINT

liability, or intentional conduct. Plaintiff is further informed and believes that the Doe Defendants acted as co-conspirators and aiders and abettors of the named Defendants, including by agreeing to and giving material assistance to the named Defendants in carrying out the conduct alleged herein. Each of the Doe Defendants acted as an agent, servant, and/or employee of each of the other Defendants and was acting within the scope of his, her, or its authority and agency at the time of the acts alleged herein, and those acts were authorized and/or ratified by the other Defendants. Plaintiff will amend this complaint to add the true names and capacities of these Doe Defendants when their names become known.

8.    Hereafter, Defendant Siemens Corporation and Does 1 through 10 are referred to collectively as "Entity Defendants."

9.    Hereafter, Defendants Does 11 through 20 are referred to collectively as "Individual Defendants." Each of the Individual Defendants acted as an agent, servant, and/or employee of each of the Entity Defendants and was acting within the scope of his, her, or its authority and agency at the time of the acts alleged herein, and those acts were authorized and/or ratified by the Entity Defendants, and each of them.

10.    Hereafter, Siemens Corporation and Defendants Does 1 through 20 are referred to collectively as "Defendants."

III.    **JURISDICTION AND VENUE**

11.    The amount at issue exceeds the jurisdictional minimum of this Court.

12.    Venue is proper in this county because one or more Defendants conduct business and maintain offices and facilities in this county and most or all acts and omissions alleged herein occurred in this county.

IV.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13.    Plaintiff filed an administrative charge with the Civil Rights Department, previously Department of Fair Employment and Housing, ("CRD") on May 20, 2024.  CRD issued a "right to sue" letter on that date, which is attached here as **Exhibit 1.**

## V.    GENERAL ALLEGATIONS

14.    Plaintiff is an ethnically Persian man over the age of forty. He has a Ph.D. in Electrical and Computer Engineering (research in data science and machine learning) from Rutgers University.

15.    Respondent Siemens Corporation ("Siemens") is a multinational company that does business in the United States including California. Siemens discriminated against Hosseini based on his sex, race/ethnicity, religion, national origin, and disability, caused by his employment with Defendants. When Hosseini complained of this unlawful conduct to Siemens, the company retaliated with increasingly severe employment actions culminating in termination.

16.    Siemens also failed to engage in an interactive process after Hosseini requested accommodation for his disabilities and failed to accommodate his disabilities. Instead, Siemens terminated Hosseini's employment.

17.    Siemens hired Hosseini on December 6, 2021, as a Senior Staff Research Scientist in the T1FOA SAS-US Team, reporting to Annemarie Breu ("Breu"), the Head of the Research T FOA SAS-US Team in the United States. From day one of Hosseini's employment at Siemens, Breu discriminated against, and harassed Hosseini based on his disability, gender, sex, race, ethnicity, religion, national origin, and disability. She insulted him in private and publicly, interfered with his work, and attacked his character. The insults and attacks were motivated by Plaintiff's race, ethnicity, nationality and religion.

18.    Breu repeatedly made comments to the effect that Plaintiff has trouble comprehending communications written in English, communicating in English, and generally did not belong in her team based on who he is (ethnically, etc.) rather than his work skills and accomplishments.

19.    In addition, Brue allowed her direct report, Plaintiff's equal in position, and Brue's inappropriate workplace romantic partner, Joe Tilka ("Tilka"), to harass and discriminate against Plaintiff. She allowed Tilka to supervise Plaintiff's work, give him orders and instructions even though it was not Tilka's job to do so in the first instance. She also allowed Tilka to do so in demeaning manner and tone. Ultimately, Brue and Tilka treated Plaintiff as a

- 4 -

lower class/grade person based on Plaintiff's identity including race, nationality, ethnicity, religion and accent.

20.    Such discriminatory conduct and treatment were not isolated to Plaintiff. Other individuals who were Muslim and of similar regional origin experienced discrimination severe enough to push them out of the team. In contrast, Tilka, a White man, was elevated to a Senior Key expert and his career flourished.

21.    On December 9, 2021, Hosseini submitted an HR complaint (Case No.: CAS2584427) regarding Breu attacking his character. Breu immediately retaliated. In a one-on-one meeting with Hosseini, Breu told him that he is not wanted on her team. Meantime, Siemens failed to investigate Hosseini's complaint in an appropriate and unbiased manner, thus condoning and ratifying Breu's discriminatory, harassing, and retaliatory conduct. Breu continued her discriminatory, harassing, and retaliatory treatment of Hosseini. The harassment and adverse employment actions escalated with time.

22.    By April 25, 2022, Breu's despicable conduct was causing severe emotional distress to Hosseini. Hosseini's doctor asked him to take a five-day medical leave due to stress caused by his workplace conditions.

23.    With no action by Siemens to stop Breu's unlawful conduct toward Hosseini, Hosseini continued to submit HR complaints of racial, national origin, religion, and ethnic background discrimination, harassment, hostile workplace environment, and retaliation. He submitted five such complaints: CAS25844274 on December 9, 2021; CAS26600209 on April 19, 2022; CAS27134306 on August 5, 2022; CAS27494405 on October 20, 2022; and CAS27654101 on November 23, 2022. Siemens, unfortunately, failed to take any action. Instead, the company allowed Brue and participated in escalating discriminatory and retaliatory actions against Hosseini.

24.    Brue also displayed favoritism based on race, ethnicity, and nationality in allowing others at Siemens to mistreat Hosseini. Hosseini complained to Brue regarding his colleagues harassing and discriminating against him. Brue ignored Hosseini's complaints, failed

to stop the harassment and discrimination, thus, approving and ratifying the wrongful conduct of Hosseini's colleagues.

25.     On May 9, 2022, Hosseini submitted a further complaint to Siemens, supported with evidence of discrimination and violation of company's own rules by Brue and Tilka showing examples of favoritism and discriminatory behavior. Instead of preventing and mitigating the unlawful conduct, Siemens condoned and ratified the behavior detailed in the complaint. The company failed to stop and approved the unlawful conduct yet again.

26.     Siemens retaliated against Hosseini in response to Hosseini's complaints by placing him on a Performance Evaluation Track ("PET") on August 4, 2022. The PET was baseless, based on false and inaccurate assessment of Hosseini's work performance, and set out purposely unrealistic goals. The PET was facially pretextual and designed to create a reason to fire Hosseini in retaliation for his complaints of discrimination and harassment. To Siemens' and Brue's dismay, Hosseini worked nights and weekends and met all deadlines set out in the PET, further establishing that the PET was a pretextual and retaliatory action that was not a reflection of Hosseini's professional abilities and performance. Hosseini also responded to the PET on August 8, 2022, refuting its false and inaccurate premises. In that response to the PET, Hosseini reiterated instances of sex, race, ethnicity, nationality, and religion-based discrimination, harassment, humiliation, and retaliation that he had endured at Siemens.

27.     By November 2022, Siemens' unlawful actions and despicable and inhumane treatment of Hosseini resulted in Hosseini developing an adjustment disorder with anxiety due to excessive stress in the workplace. On November 2, 2022, Hosseini submitted a Medical Reasonable Accommodation Request due to the adjustment disorder with anxiety.

28.     Hosseini also filed his fifth HR report on November 5, 2022, this time because Brue told him that "the people of his country [Iran] are immature." This was just another example of Brue's blatant and open racism and religious discrimination toward Hosseini that Siemens consistently ignored and ratified.

29.     On November 10, 2022, Hosseini's psychiatrist diagnosed him with PTSD and Major Depressive Disorder as a direct result of the hostile work environment at Siemens.

Hosseini's diagnosis required intense treatment with medications and therapy. Hosseini's medical doctor released his medical information to Siemens, both in an initial submission and in response to Siemens' request for additional information. He and Hosseini requested reasonable accommodations for Hosseini's disability, such as a transfer to another team to avoid contact with the persons who caused Hosseini's disability in the first instance. Siemens is a multinational company, with many departments where Hosseini's advanced data science and machine learning skills can be an excellent fit. A transfer to another team, thus, was a reasonable accommodation requested by Hosseini.

30.     Instead of engaging in an interactive process to find reasonable accommodation for Hosseini, Siemens asked him to take a leave of absence or short-term disability. Hosseini suggested he was open to accommodations that fit Siemens, but that he did not want to stop working. Hosseini wanted to continue to work but with an accommodation necessary to prevent discrimination, harassment, and retaliation, thus, eliminating the source of the psychological stress that was causing Hosseini's disability.

31.     In response, Siemens terminated Hosseini's employment on January 9, 2023. Siemens' action was in discrimination against Hosseini based on his disability, race, ethnicity, religion, and national origin. Siemens' action was also in retaliation for requesting reasonable accommodations for his disabilities, and for Hosseini's complaints to HR regarding discrimination and harassment based on Hosseini's race, ethnicity, religion, and national origin.

32.     On information and belief, Siemens has a pattern and practice of failing to take reasonable steps to prevent or remedy discrimination, harassment and retaliation based on protected characteristics and of ignoring and ratifying such conduct, despite its knowledge and awareness that such conduct is occurring. Hosseini is informed and believes that these policies and practices have been implemented and ratified by senior management. This pattern and practice adversely affect racial and ethnic minorities, and individuals with disabilities.

FIRST AMENDED COMPLAINT

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF**

**FAIR EMPLOYMENT & HOUSING ACT, GOV. CODE § 12940, *ET SEQ.***

**AGAINST ALL DEFENDANTS**

33.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, inclusive, and incorporates the same by reference as though fully set forth herein.

34.    Plaintiff was at all times herein an "employee" within the meaning of California Government Code §12926(c) and California Code §12940(a) and (c).

35.    Entity Defendants, including Siemens, and each of them, were at all relevant times herein "employer[s]" within the meaning of California Government Code §12926(d) and California Government Code §12940(a) and (c) and, as such, were barred from discriminating in employment decisions on the basis of disability, gender, sex, color, national origin, religion, race and ancestry, as set forth in California Government Code §12940.

36.    Defendants, including Siemens, and each of them, repeatedly discriminated against Plaintiff and others at Siemens based on the said protected characteristics, in violation of California Government Code §12940 (a) and (j)(1), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

37.    Plaintiff requested reasonable accommodations for his disability and was willing to participate in an interactive process to arrive at a reasonable accommodation in order to continue to perform the essential job requirements. Plaintiff was able to perform the essential job requirements with the occupational restrictions in place. Defendants, including Siemens, and each of them, failed to engage in an interactive process and failed to provide reasonable accommodations. Instead, Defendants unilaterally decided not to accommodate Plaintiff, and thereafter terminated his employment. Defendants' acts and omissions constitute disability discrimination and retaliation in violation of FEHA, including (without limitation) California Gov. Code § 12940(n).

FIRST AMENDED COMPLAINT

38.    Each of the Individual Defendants acted as agents, servants, and/or employees of each of the Entity Defendants, including Siemens, and was acting within the scope of his, her, or its authority and agency at the time of the acts alleged herein.

39.    The discriminatory practices as alleged in the General Allegations set forth above toward Siemens were approved and ratified by Siemen's agents and supervisors, and it is due to their failure to take action despite Siemen's management's knowledge of such discrimination and harassment, that such unlawful practices continued to occur repeatedly and systematically.

40.    Entity Defendants, including Siemens, and each of them, failed to take all reasonable steps to prevent discrimination against Plaintiff and others at Siemens and the harassment of Plaintiff and others at Siemens from occurring, in violation of California Government Code §12940(k), by engaging in the course of conduct as set forth in the General Allegations and all paragraphs stated above.

41.    Specifically, Entity Defendants, including Siemens, and each of them, failed to take any meaningful preventative action against those employees that were harassing and discriminating against Plaintiff and others at Siemens, and enabling others to harass and discriminate against Plaintiff and others at Siemens.  If the Entity Defendants have any written policies addressing the issues of discrimination and harassment, the policies were not enforced and were consistently disregarded by Plaintiffs.

42.    Entity Plaintiffs, including Siemens, and each of them, failed to take all reasonable steps to correct and remedy the harassment of Plaintiff and others at Siemens, in violation of California Government Code §12940(j), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above.

43.    During the course of this misconduct, Plaintiff asked Siemens, through its agents and employees, to intervene on his behalf and on behalf of others at Siemens, but Siemens failed to take immediate and appropriate corrective action to remedy the harassment of Plaintiff and others at Siemens by Individual Defendants, who were acting as agents, servants, and/or employees of each of the Entity Defendants, including Siemens, and who were harassing the said individuals or enabling others to harass the said individuals.

FIRST AMENDED COMPLAINT

44.     As a result of the said unlawful conduct of Entity Defendants, including Siemens, and each of them, against Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on the account of which Plaintiff is entitled to compensatory damages in an amount to be proven at trial, but in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION

### HARASSMENT IN VIOLATION OF

### FAIR EMPLOYMENT & HOUSING ACT, GOV. CODE § 12940, *ET SEQ.*

### AGAINST ALL DEFENDANTS

45.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, inclusive, and incorporates the same by reference as though fully set forth herein.

46.     Plaintiff was at all times herein an "employee" within the meaning of California Government Code §12926(c) and California Code §12940(a) and (c).

47.     Defendants, including Siemens, and each of them, engaged in conduct, as described in detail above, which constituted harassment in violation of Fair Employment & Housing Act, Gov. Code § 12940, *et seq*. ("FEHA") in that Plaintiff and others at Siemens were subjected to unwanted harassing conduct because of their disability, sex, gender, religion, race, color, national origin or ancestry.

48.     On information and belief, Defendants, including Siemens, have harassed many individuals in the past based on their disability, sex, gender, religion, race, color, national origin or ancestry.

49.     Defendants' conduct had a significant detrimental effect on Plaintiff's physical, mental and emotional health, and substantially altered his working conditions.

50.     Siemens knew or should have known of the harassment and failed to take appropriate corrective action.

51.     This conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment.

52.     Plaintiff both reasonably and actually considered the work environment to be hostile and abusive.

53.     As a proximate result of the actions of Defendants, including Siemens, and each of them, against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered the loss of wages, benefits, and additional amounts of money he would have received if he had not been subject to said harassment.  As a further proximate result of the Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress. Plaintiff is entitled to compensatory damages in an amount to be proven at trial, but in excess of $1,000,000.00.

## THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### FAIR EMPLOYMENT & HOUSING ACT, GOV. CODE § 12940, ET SEQ.

### AGAINST ALL DEFENDANTS

54.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, inclusive, and incorporates the same by reference as though fully set forth herein.

55.     In violation of California Government Code §12940(h), Entity Defendants, including Siemens, and each of them, retaliated against Plaintiff by taking increasingly severe adverse employment actions against Plaintiff by unlawfully discriminating and retaliating against him after he complained about and opposed unlawful discrimination and harassment, as more fully set forth in the General Allegations and all paragraphs stated above.

56.     As a direct and proximate result of the retaliatory actions by Entity Defendants, including Siemens , and each of them, against Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on the account of which Plaintiff is entitled to compensatory damages in an amount to be proven at trial, but in excess of $1,000,000.00.

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5**

**AGAINST ALL DEFENDANTS**

57.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, inclusive, and incorporates the same by reference as though fully set forth herein.

58.     During his employment, Plaintiff engaged in the legally protected activity of communicating to Siemen's officers and directors complaints about improper and/or unlawful conduct as set forth in detail in General Allegations, above.

59.     Immediately following the above-described conduct, Defendants, and each of them, retaliated against Plaintiff by taking increasingly severe adverse employment actions against Plaintiff and further unlawfully discriminating and retaliating against him, as more fully set forth in the General Allegations and all paragraphs stated above.

60.     Each of the Individual Defendants acted as an agent, servant, and/or employee of each of the Entity Defendants, including Siemens, and was acting within the scope of his, her, or its authority and agency at the time of the acts alleged herein.

61.     Plaintiff's protected activity was a motivating factor for the adverse employment actions of Defendants, including Siemens, and each of them, and thus constituted unlawful retaliation in violation of California Labor Code section 1102.5 and common law.

62.     The retaliatory adverse employment actions and practices as alleged in the General Allegations set forth above toward Plaintiff were approved and ratified by Siemens 's agents, officers and directors.

63.     As a direct and proximate result of the retaliatory actions by Defendants, including Siemens, and each of them, against Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on the account of which Plaintiff is entitled to compensatory damages against Entity Defendants, including Siemens, and each of them, in an amount to be proven at trial, but in excess of $1,000,000.00.

**FIFTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**AGAINST ALL DEFENDANTS**

64.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs, inclusive, and incorporates the same by reference as though fully set forth herein.

65.     Plaintiff informed and believes, and based thereon alleges, that his termination was brought about by the wrongful conduct of Defendants. Such conduct was in violation of the public policy of the State of California as set forth in Labor Code sections 1102.5 and Government Code section 12940 *et seq.*

66.     As alleged above, Siemens terminated Plaintiff's employment, depriving him of its attendant benefits and compensation, immediately in the wake of and because of his complaints about harassment and discrimination he faced on the basis of protected characteristics including disability, gender, sex, race, color, national origin and ancestry. Plaintiff, in no uncertain words, complained about this disparate and illegal treatment.

67.     The effect of the above-described termination by Siemens has been to deprive Plaintiff of employment opportunities and to otherwise adversely affect his status as an employee because of his opposition, refusal to engage in, and resistance to unlawful conduct.

68.     As a proximate result of Plaintiff's termination by Defendants, Plaintiff has suffered and continues to suffer harm, including but not limited to, lost earnings and other employment benefits, loss of future employment benefits, humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount to be proven at trial but exceeding the minimum jurisdictional limits of this Court.

69.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

70.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

71.     Plaintiff requests relief as described below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1.    For special and general damages according to proof;

4.    For punitive damages;

5.    For a permanent injunction prohibiting Defendants from discriminating against employees on the basis of disability, gender, sex, race, color, national origin, or ancestry in violation of the FEHA;

6.    For costs of suit incurred herein;

7.    For attorney fees and expert costs on causes of action where the same are available by law, including but not limited to causes of action brought pursuant to the FEHA, California Government Code § 12965(b), Code of Civil Procedure§ 1021.5, and California Labor Code Sections 1102.5 and 2802;

8.    For prejudgment and post-judgment interest as available by law; and

9.    For such other and further relief as this Court may deem just and proper.

Dated:  October 11, 2024                    Respectfully submitted,

                                                          ROBINSON MARKEVITCH LLP


                                                          By: /s/ David Markevitch
                                                                 David Markevitch


                                                          Attorneys for Plaintiff
                                                          Mohammad Parsa Hosseini

- 14 -

FIRST AMENDED COMPLAINT

1

## **JURY TRIAL DEMANDED**

2

Plaintiff demands a trial by a jury of all issues so triable.

3

Dated:  October 11, 2024                     Respectfully submitted,

4

ROBINSON MARKEVITCH LLP

5

By: /s/ David Markevitch

6

David Markevitch

7

Attorneys for Plaintiff

8

Mohammad Parsa Hosseini

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

FIRST AMENDED COMPLAINT



**EXHIBIT 1**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 20, 2024

David Markevitch
1261 Lincoln Avenue, Suite 208
San Jose, CA 95125

RE:   **Notice to Complainant's Attorney**
       CRD Matter Number: 202405-24780220
       Right to Sue: Hosseini / Siemens Corporation

Dear David Markevitch:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

### Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 20, 2024

RE:  **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202405-24780220
Right to Sue: Hosseini / Siemens Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 20, 2024

Mohammad Parsa Hosseini
4758 Rahway Drive
San Jose, CA 95111

RE:     **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202405-24780220
Right to Sue: Hosseini / Siemens Corporation

Dear Mohammad Parsa Hosseini:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective May 20, 2024 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Mohammad Parsa Hosseini                                      CRD No. 202405-24780220

                        Complainant,

vs.

Siemens Corporation
300 New Jersey Avenue NW, Suite 1000
Washington, DC 20001

                        Respondents

_____

**1.** Respondent **Siemens Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Mohammad Parsa Hosseini**, resides in the City of **San Jose,** State of **CA.**

**3**. Complainant alleges that on or about **May 20, 2024**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, age (40 and over), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, age (40 and over), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended,

-1-
*Complaint – CRD No. 202405-24780220*

Date Filed: May 20, 2024

demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability.

**Additional Complaint Details:** This complaint is made on information and belief per Blum v. Superior Court, 141 Cal.App.4th 418 (2006).

Claimant Mohammad Parsa Hosseini ("Hosseini") is a 40-year-old ethnically Persian man. He has a Ph.D. in Electrical and Computer Engineering (research in data science and machine learning) from Rutgers University. Respondent Siemens AG ("Siemens") is a multinational company that does business in the United States including California. Siemens discriminated against Hosseini based on his sex, race/ethnicity, religion, national origin, and disability. Siemens also failed to engage in an interactive process after Hosseini requested an accommodation for his disabilities, and failed to accommodate his disabilities.

Siemens hired Hosseini on December 6, 2021, as a Senior Staff Research Scientist in the T FOA SAS-US Team, reporting to Annemarie Breu ("Breu"), the Head of the Research T FOA SAS-US Team in the United States. From day one of Hosseini's employment at Siemens, Breu discriminated against and harassed Hosseini based on his sex, race, ethnicity, religion, national origin, and disability. She insulted him in private and publicly, interfered with his work, and attacked his character.

On December 9, 2021, Hosseini submitted an HR complaint (Case No.: CAS2584427) regarding Breu attacking his character. Breu immediately retaliated. In a one-on-one meeting with Hosseini, Breu told him that he is not wanted on her team. Meantime, Siemens failed to investigate Hosseini's complaint in an appropriate and unbiased manner, thus condoning and ratifying Breu's discriminatory, harassing, and retaliatory conduct.

Breu continued her discriminatory, harassing, and retaliatory treatment of Hosseini. The harassment and adverse employment actions escalated with time. By April 25, 2022, Breu's despicable conduct was causing severe emotional distress to Hosseini. Hosseini's doctor asked him to take a five-day medical leave due to stress caused by his workplace conditions.

With no action by Siemens to stop Breu's unlawful conduct toward Hosseini, Hosseini continued to submit HR complaints of racial, national origin, religion, and ethnic background

Date Filed: May 20, 2024

discrimination, harassment, hostile workplace environment, and retaliation. He submitted five such complaints: CAS25844274 on December 9, 2021; CAS26600209 on April 19, 2022; CAS27134306 on August 5, 2022; CAS27494405 on October 20, 2022; and CAS27654101 on November 23, 2022. Siemens, unfortunately, failed to take any action. Instead, the company allowed Brue and participated in escalating discriminatory and retaliatory actions against Hosseini.

Brue also displayed favoritism based on race, ethnicity, and nationality in allowing others at Siemens to mistreat Hosseini. Hosseini complained to Brue regarding his colleagues harassing and discriminating against him. Brue ignored Hosseini's complaints, failed to stop the harassment and discrimination, thus, approving and ratifying the wrongful conduct of Hosseini's colleagues.

On May 9, 2022, Hosseini submitted a further complaint to Siemens, supported with evidence of discrimination and violation of company's own rules by Brue and Joe Day (another team member), showing examples of favoritism and discriminatory behavior. Instead of preventing and mitigating the unlawful conduct, Siemens condoned and ratified the behavior detailed in the complaint. The company failed to stop and approved the unlawful conduct yet again.

Siemens retaliated against Hosseini in response to Hosseini's complaints by placing him on a Performance Evaluation Track (PET) on August 4, 2022. The PET was baseless, based on false and inaccurate assessment of Hosseini's work performance, and set out purposely unrealistic goals. The PET was facially pretextual and designed to create a reason to fire Hosseini in retaliation for his complaints of discrimination and harassment. To Siemens' and Brue's dismay, Hosseini worked nights and weekends and met all deadlines set out in the PET, further establishing that the PET was a pretextual and retaliatory action that was not a reflection of Hosseini's professional abilities and performance.

Hosseini also responded to the PET on August 8, 2022, refuting its false and inaccurate premises. In that response to the PET, Hosseini reiterated instances of sex, race, ethnicity, nationality, and religion-based discrimination, harassment, humiliation, and retaliation that he had endured at Siemens.

By November 2022, Siemens' unlawful actions and despicable and inhumane treatment of Hosseini resulted in Hosseini developing an adjustment disorder with anxiety due to excessive stress in the workplace. On November 2, 2022, Hosseini submitted a Medical Reasonable Accommodation Request due to the adjustment disorder with anxiety. Hosseini also filed his fifth HR report on November 5, 2022, this time because Brue told him that "the people of his country [Iran] are immature." This was just another example of Brue's blatant and open racism toward Hosseini that Siemens consistently ignored and ratified.

On November 10, 2022, Hosseini's psychiatrist diagnosed him with PTSD and Major Depressive Disorder as a direct result of the hostile work environment at Siemens. Hosseini's diagnosis required intense treatment with medications and therapy.

Date Filed: May 20, 2024

Hosseini's medical doctor released his medical information to Siemens, both in an initial submission and in response to Siemens' request for additional information. He and Hosseini requested reasonable accommodations for Hosseini's disability, such as a transfer to another team to avoid contact with the persons who caused Hosseini's disability in the first instance. Siemens is a multinational company, with many departments where Hosseini's advanced data science and machine learning skills can be an excellent fit. A transfer to another team, thus, was a reasonable accommodation requested by Hosseini.

Instead of engaging in an interactive process to find a reasonable accommodation for Hosseini, Siemens asked him to take a leave of absence or short-term disability. Hosseini suggested he was open to accommodations that fit Siemens, but that he did not want to stop working. Hosseini wanted to continue to work but with an accommodation necessary to prevent discrimination, harassment, and retaliation, thus, eliminating the source of the psychological stress that was causing Hosseini's disability.

In response, Siemens terminated Hosseini's employment on January 9, 2023. Siemens' action was in discrimination against Hosseini based on his disability, race, ethnicity, religion, and national origin. Siemens' action was also in retaliation for requesting reasonable accomodations for his disabilities, and for Hosseini's complaints to HR regarding discrimination and harassment based on Hosseini's race, ethnicity, religion, and national origin.

On information and belief, Siemens has a pattern and practice of failing to take reasonable steps to prevent or remedy discrimination, harassment and retaliation based on protected characteristics and of ignoring and ratifying such conduct, despite its knowledge and awareness that such conduct is occurring.  Hosseini is informed and believes that these policies and practices have been implemented and ratified by senior management.  This pattern and practice adversely affect racial and ethnic minorities, and individuals with disabilities.

Date Filed: May 20, 2024

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **David Markevitch**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 20, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Jose, California**

-5-
*Complaint – CRD No. 202405-24780220*

Date Filed: May 20, 2024

CRD-ENF 80 RS (Revised 12/22)