UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOHAMMAD PARSA HOSSEINI,

    Plaintiff,

  v.

SIEMENS CORPORATION,

    Defendant.

Case No. 24-cv-06758-SI

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 16

  Before the Court is defendant Siemens Corporation's motion to dismiss parts of plaintiff's first and second causes of action. Dkt. No. 16. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument. For the reasons stated below, the Court GRANTS the motion to dismiss plaintiff's claim of discrimination on the basis of sex, gender, color, and religion and DISMISSES plaintiff's harassment claim in full. The Court provides plaintiff leave to amend the complaint.

**BACKGROUND**

  Defendant Siemens Corporation ("defendant") hired Plaintiff Mohammad Parsa Hosseini ("plaintiff") on December 6, 2021 as a Senior Staff Research Scientist. Dkt. No. 14 (First Amended Complaint ("FAC")) ¶ 17.[1] Plaintiff has a Ph.D. in Electrical and Computer Engineering from Rutgers University. *Id.* ¶ 14. While working for defendant, plaintiff reported to Annemarie Breu.

_____

[1] In evaluating a motion to dismiss for failure to state a claim, the Court accepts the allegations in the complaint as true. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

*Id.* at ¶ 17.

Plaintiff alleges that defendant discriminated against him based on his sex, race, ethnicity, religion, national origin, and disability. FAC ¶ 15.[2]  Plaintiff "holds himself openly as a Muslim, a Persian ethnically, and an immigrant from Iran." *Id.* ¶ 2.  Plaintiff alleges Breu "insulted him in private and publicly, interfered with his work, and attacked his character." *Id.* ¶ 17.  Plaintiff asserts that the attacks by Breu were motivated by his "race, ethnicity, nationality, and religion." *Id.*  More specifically, plaintiff alleges Breu "repeatedly" commented that plaintiff had trouble communicating in English and that he did not belong on her team due to his identity. *Id.* ¶ 18.  Later, plaintiff alleges that Breu told him that "the people of his country [Iran] are immature." *Id.* ¶ 28.

Plaintiff filed his first complaint with human resources three days after he was hired.  *Id.* ¶ 21.  Plaintiff claims Breu immediately responded by telling him in a one-on-one meeting that he was not wanted on her team.  *Id.*  Plaintiff filed subsequent internal complaints on April 19, 2022, May 9, 2022, August 5, 2022, October 20, 2022, and November 23, 2022.  *Id.* ¶¶ 23, 25.  Plaintiff asserts defendant did not take any corrective actions in response to his complaints.  *Id.*

In addition, plaintiff claims that Breu allowed plaintiff's peer and co-worker, Joe Tilka, to supervise and instruct plaintiff in a "demeaning manner and tone." *Id.* ¶ 19.  Plaintiff alleges that Tilka, a white man, was promoted while "[o]ther individuals who were Muslim and of similar regional origin experienced discrimination severe enough to push them out of the team." *Id.* ¶ 20.

On April 25, 2022, plaintiff's doctor "asked him to take a five-day medical leave due to stress caused by his workplace conditions." *Id.* ¶ 22.  Plaintiff submitted a Medical Reasonable Accommodation Request on November 2, 2022 after being diagnosed with an adjustment disorder with anxiety.  *Id.* ¶ 27.  Plaintiff was diagnosed with PTSD and Major Depressive Disorder on November 10, 2022, allegedly "as a direct result of the hostile work environment at Siemens." *Id.* ¶ 29.

Defendant placed plaintiff on a "Performance Evaluation Track" on August 4, 2022, an

---

[2] In other parts of the FAC, plaintiff references the protected categories of color, ancestry, and gender, but presents no allegations specific to his color or gender and only one specific allegation, discussed below, that implicates his ancestry (alongside his ethnicity and national origin). *See* FAC ¶¶ 28, 35, 47-48, 66.

action he responded to on August 8, "refuting its false and inaccurate premises." *Id.* ¶ 26. Plaintiff alleges he "worked nights and weekends" to meet the goals of the plan. *Id.* In November 2023, plaintiff initiated a reasonable accommodations process with defendant and plaintiff asked to be transferred to another team. *Id.* ¶ 29. Plaintiff alleges defendant instead "asked him to take a leave of absence or short-term disability." *Id.* ¶ 30. Plaintiff declined and contends that, in response, defendant terminated plaintiff's employment on January 9, 2023. *Id.* ¶ 31.

Plaintiff filed an administrative charge with the California Civil Rights Department on May 20, 2024 and received a "right to sue" letter on that date. *Id.* ¶ 13. Plaintiff filed this litigation in Alameda County Superior Court and defendant timely removed on the basis of diversity jurisdiction. Dkt. No. 1. Plaintiff filed the FAC on October 11, 2024. Dkt. No. 14. The FAC asserts five causes of action: (1) discrimination in violation of California's Fair Housing and Employment Act ("FEHA") (Cal. Gov't Code § 12940 et seq.) on the basis of disability, gender, sex, color, national origin, religion, race and ancestry; (2) harassment in violation of FEHA on the basis of the same protected categories; (3) retaliation in violation of FEHA (Cal. Gov't Code § 12940(h)); (4) retaliation in violation of California Labor Code section 1102.5; and (5) wrongful termination in violation of public policy. *See* FAC.

Defendant subsequently filed the present motion to dismiss. Dkt. No. 16. Defendant's motion asks the Court to dismiss with prejudice plaintiff's "first cause of action for discrimination based on sex/gender, color, and religion and second cause of action for harassment based on sex/gender, race, color, national origin/ancestry, and religion." *Id.* at 12.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened

fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d at 561. However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). A pleading must contain allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 555 U.S. at 556).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss parts of the FAC's first and second causes of action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court considers whether plaintiff has pled a plausible claim for each of plaintiff's causes of action. While pleading a prima facie case is not necessary to survive a motion to dismiss, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012), "[d]istrict courts in this circuit regularly look to the elements of a prima facie case to inform a decision on a motion to dismiss," *Cervantes v. Stockton Unified Sch. Dist.*, No. 15-60, 2015 WL 3507416, at \*4 (E.D. Cal. June 3, 2015). But the ultimate inquiry is whether the FAC contains "sufficient factual allegations that plausibly suggest entitlement to relief." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (citation omitted).

United States District Court
Northern District of California

4

## I.    FEHA Discrimination

A prima facie case of discrimination under FEHA requires showing that "(1) [the plaintiff] was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action . . . and (4) some other circumstance suggests discriminatory motive." *Martin v. Bd. of Trustees of California State Univ.*, 315 Cal. Rptr. 3d 117, 130 (2023) (quoting *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000)).  This means a plaintiff must show a "causal nexus between the adverse employment action and [plaintiff's] protected characteristic." *Id.*

Defendant Siemens correctly argues that plaintiff fails to plead facts in support of a claim of discrimination based on sex, gender, color, and religion.[3]  Dkt. No. 16-1 ("Mot.") at 6-8.  The complaint is devoid of allegations that show a "causal nexus" between any adverse employment actions and these protected characteristics.  *See Martin*, 315 Cal. Rptr. 3d at 130.  Regarding plaintiff's sex and gender, the complaint's only reference to these characteristics is in plaintiff's description of himself as "an ethnically Persian man."  FAC ¶¶ 1, 14.  The FAC does not allege that plaintiff's sex or gender motivated the alleged discrimination.  *See Guthrey v. State of California*, 75 Cal. Rptr. 2d 27, 34 (1998) ("[N]othing suggests [the supervisor] handled the matter the way she did because of plaintiff's gender. . . . Without some evidence to make such an inference a reasonable one, it is mere speculation to suspect gender discrimination. . . .")  Indeed, the FAC compares plaintiff to another *male* employee who was allegedly treated more favorably, but has not pointed to similarly situated women at his workplace who have been treated more favorably.

Similarly, plaintiff has not alleged any facts suggesting discrimination was motivated by defendant's color rather than other protected characteristics.  The Equal Employment Opportunity Commission defines color discrimination as "when a person is discriminated against based on the lightness, darkness, or other color characteristic of the person."  *See Belt v. Rees*, No. 2:24-cv-00582-APG-DJA, 2024 U.S. Dist. LEXIS 69741, at *14 (D. Nev. Apr. 15, 2024) (citing EEOC Compliance Manual § 15-III, What is "Color" Discrimination, 2006 WL 4673426, at *1 (June 1, 2006)).  While

---

[3] Defendant's motion does not challenge whether plaintiff has successfully pled a claim for discrimination under FEHA on the basis of disability, race, national origin, and ancestry.

plaintiff's opposition asserts that his skin color is "readily apparent to all persons involved in this lawsuit," that alone does not make a plausible claim of color discrimination. *See* Dkt. No. 19 ("Opp'n") at 2. Nothing in the FAC references discriminatory acts motivated by defendant's skin color rather than his race or national origin.

While plaintiff makes two references to his religion, the FAC also lacks specific facts that create a plausible claim of discrimination on the basis of religion. The FAC states that "[p]laintiff holds himself openly as a Muslim." FAC ¶ 2. It further alleges that "[o]ther individuals who were Muslim and of similar regional origin experienced discrimination severe enough to push them out of the team." *Id.* ¶ 20. In his opposition brief, plaintiff also notes his name is Muslim and that he told coworkers and managers about the religious holidays that he observed, although this latter fact is not in the FAC. Opp'n at 2-3. While defendant and plaintiff's supervisor may have known or plausibly inferred plaintiff's religious beliefs, the FAC still lacks any allegations that connect specific discriminatory behavior directed at plaintiff to his religious identity.

For these reasons, the Court grants defendant's motion to dismiss plaintiff's discrimination claim as it relates to sex, gender, color, and religion. The claim survives as it relates to the uncontested categories of disability, race, national origin, and ancestry. As plaintiff's opposition brief suggests additional facts might be available to support his claims, the Court grants leave to amend.

## II.    FEHA Harassment

FEHA's anti-harassment provision protects employees from "situations in which the social environment of the workplace becomes intolerable because the harassment . . . communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 219 P.3d 749, 761 (Cal. 2009) (emphasis removed). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal. 1999)). To qualify as harassment,

conduct must be objectively severe or pervasive and subjectively perceived by the victim as abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).[4]  Personnel management actions—such as placing an individual on a performance plan or terminating employment—may constitute discrimination but cannot be considered harassment.  *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 746 (1996).  An employer is strictly liable for harassment by a supervisor, and liable for harassment by coworkers if it is negligent in allowing the harassment to continue.  *State Dep't of Health Servs. v. Superior Ct.*, 79 P.3d 556, 562 (Cal. 2003); Cal. Gov. Code, § 12940(j)(1).

Defendant argues that plaintiff does not state sufficient facts to support a plausible harassment claim based on sex, gender, race, color, national origin, ancestry, and religion.[5]  Mot. at 8.  First, defendant correctly asserts that personnel management decisions must be removed from consideration, as California courts have considered those under discrimination claims, but not harassment.  Mot. at 9; *see Janken*, 53 Cal. Rptr. 2d at 746.  Next, defendant argues that plaintiff has not pled facts suggesting that any alleged actions constituted severe or pervasive harassment.  Mot. at 9-10.  Citing state and federal precedent, the California Supreme Court recently described the "severe or pervasive" inquiry as follows:

> Whether a work environment is reasonably perceived as hostile or abusive is not, and by its nature cannot be, a mathematically precise test.  The working environment must be evaluated in light of the totality of the circumstances.  These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct.  [S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment.

*Bailey v. San Francisco Dist. Attorney's Off.*, 552 P.3d 433, 444 (Cal. 2024) (internal quotation marks and citations omitted).  Defendant argues that plaintiff has not alleged pervasive harassment and that Breu's alleged isolated statement that "people of his country [Iran] are immature" is not

---

[4] While *Harris* considers a harassment claim under federal Title VII law, the standard for evaluating harassment under Title VII and FEHA is the same.  *Aguilar*, 980 P.2d at 851.

[5] Defendant's motion does not address harassment based on disability, the last protected characteristic mentioned in the FAC, but plaintiff does not plead facts suggesting severe or pervasive harassment on the basis of disability.

United States District Court
Northern District of California

severe enough to constitute harassment on the basis of race, color, national origin, ancestry, or religion. Mot. at 10. Defendant further argues that the FAC contains no evidence of harassment based on sex or gender. Mot. at 11.

In its papers, defendant directs the Court to several cases where harassment claims have been dismissed due to insufficient pleadings. In *Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 U.S. Dist. LEXIS 67412, at *14-15 (C.D. Cal. Feb. 5, 2019), the court found "conclusory assertions that [plaintiff] was threatened, stalked, bullied, and admonished" lacked factual detail and therefore were not entitled to a presumption of truth. *See also Ames v. City of Novato*, No. 16-cv-02590-JST, 2017 U.S. Dist. LEXIS 5504, at *1-2 (N.D. Cal. Jan. 12, 2017) (holding plaintiff failed to allege "adequate factual content" regarding bullying and unwarranted emails that allegedly constituted harassment). In another case, an employer's comment that plaintiff give up her green card and marry her partner was not sufficient on a motion to dismiss to constitute harassment on the basis of gender, family status, or national origin. *Stambanis v. TBWA Worldwide, Inc.*, No. 219CV03962ODWJEM, 2019 WL 3997257, at *4 (C.D. Cal. Aug. 23, 2019). In *Lurie v. Konica Minolta Bus. Sols. U.S.A.*, No. 16-CV-00787 RGK (JCx), 2016 U.S. Dist. LEXIS 188351, at *7-8 (C.D. Cal. Apr. 6, 2016), the complaint's noting of a few "isolated and sporadic" comments related to the plaintiff's medical condition was not enough to plausibly allege harassment. Finally, in one last case, a court dismissed allegations that a Latino plaintiff was harassed when subjected to offensive racial comments, "including but not limited to, those Latinos should be happy they even had a job and Latinos bring cockroaches to work from home." *Mendoza v. Golden Valley Health Centers*, No. 116CV01611DADSAB, 2016 WL 7384020, at *4 (E.D. Cal. Dec. 20, 2016).

While the plaintiff in this case has clearly pled a case of subjectively perceived harassment,[6] the question of whether the FAC alleges sufficient factual content to present a claim of objective harassment is a close one. Plaintiff makes numerous conclusory allegations in the FAC, including that Breu insulted him and interfered with his work and that Muslim coworkers were forced out of the team. FAC ¶¶ 17, 20. But plaintiff also alleges a few more specific facts, including that Breu

---

[6] Plaintiff alleges his PTSD and Major Depressive Disorder diagnosis came "as a direct result of the hostile work environment at Siemens." *Id.* ¶ 29.

United States District Court
Northern District of California

United States District Court
Northern District of California

"repeatedly" commented that plaintiff had trouble communicating in English and that he did not belong on her team due to his identity. *Id.* ¶ 18. Later, plaintiff alleges that Breu told him that "the people of his country [Iran] are immature."[7] *Id.* ¶ 28. These comments, coming from plaintiff's direct supervisor, bring this case closer to the plausibility standard than the comments in defendant's cited cases, except for *Mendoza*. In *Mendoza*, the comments directed at the plaintiff were arguably more offensive, yet still were not enough to constitute severe or pervasive harassment. *See Mendoza*, No. 116CV01611DADSAB, 2016 WL 7384020, at *4.

The Court ultimately concludes that the factual content in the FAC is insufficient to establish severe or pervasive harassment on the basis of any of plaintiff's protected characteristics. There is no evidence that connects the complained of behavior to plaintiff's sex, gender, disability, or color. Further, many of plaintiff's allegations connecting troubling comments to his national origin, religion, race and ancestry are conclusory. The Court recognizes that plaintiff appears to have suffered distress during his short tenure working for defendant, but the few specific facts that plaintiff provides do not plausibly allege objectively severe or pervasive harassment. However, given that this is a close call, plaintiff will be provided leave to amend to add more specific facts to his complaint.

///

///

---

[7] In his opposition, plaintiff also alleges a hostile work environment based on sexual favoritism Breu allegedly showed plaintiff's coworker. For sexual favoritism to create a hostile work environment, it must be "widespread." *See Miller v. Dep't of Corr.*, 115 P.3d 77, 90 (Cal. 2005). Plaintiff alleges a single "isolated" incident of favoritism that "ordinarily would not constitute sexual harassment." *See id.* at 80.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss plaintiff's claims of discrimination based on sex, gender, color, and religion.  The Court further DISMISSES plaintiff's harassment claim in full.  The Court gives plaintiff leave to amend his complaint to add specific factual details in support of both claims.  Should plaintiff choose to amend his complaint, he must do so by December 20, 2024.  Otherwise, the litigation will proceed on plaintiff's remaining claims.

**IT IS SO ORDERED**.

Dated: December 6, 2024

_____
SUSAN ILLSTON
United States District Judge