ROBINSON MARKEVITCH & PARKER LLP
David Markevitch, SBN 256163
    dm@robinsonmarkevitch.com
Damion D. D. Robinson, SBN 262573
    dr@robinsonmarkevitch.com
718 University Avenue, Suite 214
Los Gatos, California 95132
Tel. (408) 649-5005

Attorneys for Plaintiff Mohammad Parsa Hosseini

* Additional counsel listed on page 2.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD PARSA HOSSEINI, an individual,<br><br>    Plaintiff(s),<br><br>vs.<br><br>SIEMENS CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>    Defendant(s). | Case Number: 24-cv-06758-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 3, 2025<br>Time: 2:30 pm<br>Judge: Hon. Susan Illston<br><br>Case Removed from State Court: 09/26/2024 |

| | |
|---|---|
| 1 | Michele Haydel Gehrke (SBN 215647) |
| 2 | Email: mgehrke@reedsmith.com<br>Anli (Claudia) Ren (SBN 335452) |
| 3 | Email: aren@reedsmith.com<br>REED SMITH LLP |
| 4 | 101 Second Street<br>Suite 1800 |
| 5 | San Francisco, CA  94105-3659<br>Telephone: +1 415 543 8700 |
| 6 | Facsimile:  +1 415 391 8269 |
| 7 | Brian M. Noh (SBN 293564) |
| 8 | Email: bnoh@reedsmith.com<br>REED SMITH LLP |
| 9 | 355 South Grand Avenue<br>Suite 2900 |
| 10 | Los Angeles, CA  90071-1514<br>Telephone: +1 213 457 8000 |
| 11 | Facsimile: +1 213 457 8080 |
| 12 | Attorneys for Defendant<br>SIEMENS CORPORATION |
| 13 | Attorneys for Defendant Siemens Corporation |

The Parties, Plaintiff Mohammad Parsa Hosseini ("Plaintiff") and Defendant Siemens Corporation ("Siemens"), submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service.**

Defendant removed this case from Alameda County Superior Court (case no. 24CV086128) pursuant to 28 U.S. Code § 1441 and 28 U.S. Code § 1332. Plaintiff did not seek a remand to state court.

Plaintiff competed service of process while the case was pending in state court. Defendant does not challenge sufficiency of service.

**2.      Facts.**

      **A.      Facts Alleged by Plaintiff.**

Plaintiff is an ethnically Persian man and an immigrant from Iran. He has a PhD in Electrical and Computer Engineering (research in data science and machine learning) from Rutgers University.

Plaintiff joined Defendant as Senior Staff Research Scientist on December 6, 2021, reporting to Annemarie Breu ("Breu"), the Head of the "Research T FOA SAS-US Team" in the United States.

During his tenure with Defendant, Plaintiff submitted to Defendant's Human Resources Department multiple complaints of racial, national origin, religion, and ethnic background discrimination, harassment, hostile workplace environment, and retaliation by Breu.

Starting on November 1, 2022, Plaintiff made requests of accommodation based on a disability. Defendant terminated Plaintiff's employment on January 9, 2023.

Breu discriminated against and harassed Plaintiff based on his race, ethnicity, national origin, and disability. When Plaintiff complained of this unlawful conduct to Defendant, the company retaliated with increasingly severe employment actions culminating in termination.

Defendant also failed to engage in an interactive process after Plaintiff requested accommodation for his disabilities and failed to accommodate his disabilities. Instead, Defendant terminated Plaintiff's employment.

Breu insulted Plaintiff in private and publicly, interfered with his work, and attacked his character. The insults and attacks were motivated by Plaintiff's race, ethnicity, and nationality.

Breu repeatedly made comments to the effect that Plaintiff has trouble comprehending communications written in English, communicating in English, and generally did not belong in her team based on who he is (ethnically, etc.) rather than his work skills and accomplishments.

Brue allowed her direct report, Plaintiff's equal in position, and Brue's inappropriate workplace romantic partner, Joe Tilka ("Tilka"), to harass and discriminate against Plaintiff. She allowed Tilka to supervise Plaintiff's work, give him orders and instructions even though it was not Tilka's job to do so in the first instance. She also allowed Tilka to do so in demeaning manner and tone.

Breu and Tilka treated Plaintiff as a lower class/grade person based on Plaintiff's identity including race, nationality, ethnicity, and accent.

Such discriminatory conduct and treatment were not isolated to Plaintiff. Other individuals who were Muslim and of similar regional origin experienced discrimination severe enough to push them out of the team. In contrast, Tilka, a White man, was elevated to a Senior Key expert and his career flourished.

Plaintiff complained to HR regarding Breu's discriminatory and harassing conduct on several occasions. Breu retaliated immediately after she learned of Plaintiff's first HR complaint.

She told Plaintiff that he is not wanted on her team.

Defendant failed to investigate Plaitniff's' HR complaints in an appropriate and unbiased manner, thus condoning and ratifying Breu's discriminatory, harassing, and retaliatory conduct, which escalated over time.

Brue displayed favoritism based on race, ethnicity, and nationality in allowing other Defendant's employees to mistreat Plaintiff. Plaintiff complained to Brue regarding his colleagues harassing and discriminating against him. Brue ignored these complaints, and failed

to stop the harassment and discrimination, thus, approving and ratifying the wrongful conduct of Plaintiff's colleagues.

Instead, Breu escalated her own retaliatory actions against Plaintiff, including by placing him on a Performance Evaluation Track ("PET"). The PET was not a reflection of Hosseini's professional abilities and performance. Instead, it was baseless, based on false and inaccurate assessment of Plaintiff's work performance, and set out purposely unrealistic goals. The PET was facially pretextual and designed to create a reason to fire Plaintiff in retaliation for his complaints of discrimination and harassment.

By November 2022, Defendant's unlawful actions and despicable and inhumane treatment of Plaintiff resulted in Plaintiff developing a disability, an adjustment disorder with anxiety due to excessive stress in the workplace. The condition was later determined to be as severe as PTSD.

Plaintiff and his medical professionals requested accommodations for this disability from Defendant. Instead of engaging in an interactive process to find reasonable accommodation for Plaintiff, Defendant asked him to take a leave of absence or short-term disability. Plaintiff suggested he was open to accommodations that fit Defendant, but that he did not want to stop working. Plaintiff asked to continue to work but with an accommodation necessary to prevent discrimination, harassment, and retaliation, thus, eliminating the source of the psychological stress that was causing Plaintiff's disability.

In response, Defendant terminated Plaintiff's employment on January 9, 2023. Defendant's action was in discrimination against Plaintiff based on his disability, race, ethnicity, and national origin. The action was also in retaliation for requesting reasonable accommodations for his disabilities, and for Plaintiff's complaints to HR regarding discrimination and harassment.

B.    **Facts Alleged by Defendant.**

Plaintiff is a former employee of Defendant Siemens Corporation with a well-documented history of performance problems. Plaintiff was employed as a Senior Staff Research Scientist in

Siemens' Berkeley, California location from December 6, 2021 to January 9, 2023. He was terminated after months of coaching, counseling, and a Performance Improvement Plan.

Plaintiff alleges that his supervisor, Annemarie Breu ("Breu"), discriminated against him based on his disability, race, ethnicity, and national origin. He also claims that he made various complaints to Siemens regarding workplace discrimination, but that he was allegedly retaliated against for making those complaints, and that Siemens failed to investigate and ultimately terminated him for those complaints. Siemens denies these allegations and all liability.

**3.     Legal Issues.**

   **A.     Plaintiff's Position.**

There are various legal disputes between the Parties including, but not limited to, the following:

   i.     Whether Defendant's actions and omissions constituted discrimination based on race, ethnicity, national origin and/or disability in violation of Employment & Housing Act, Gov. Code § 12940, et seq. ("FEHA").

   ii.    Whether Defendant failed to reasonably engage in an interactive process in response to Plaintiff's request for disability accommodations, in violation of FEHA.

   iii.   Whether Defendant failed to provide reasonable disability accommodations to Plaintiff in violation of FEHA

   iv.    Whether Defendant's actions and omissions constituted retaliation in violation of FEHA.

   v.     Whether Defendant's actions and omissions constituted retaliation in violation of Cal. Lab. Code § 1102.5.

   vi.    Whether Plaintiff was wrongfully terminated based on his protected characteristics, in violation of public policy.

   **B.     Defendant's Position.**

There are various legal disputes between the Parties including, but not limited to, the following:

      i.      Whether Plaintiff was discriminated against by Defendant based on race and ancestry, ethnicity, national origin, and disability in violation of the Fair Employment and Housing Act ("FEHA");

      ii.      Whether Plaintiff was retaliated against by Defendant in violation of the FEHA and Cal. Lab. Code § 1102.5;

      iii.      Whether Plaintiff was wrongfully terminated by Defendant;

      iv.      Whether Plaintiff suffered any damages attributable to Defendant and, if so, the amount of those damages; and

      v.      Whether any of Plaintiff's claims are barred by Defendant's affirmative defenses.

**4.   Motions.**

Plaintiff does not expect to file any motions, except any necessary discovery motions, at the current, discovery stage of litigation. Plaintiff expects to file pre-trial and trial motions per the Court-mandated schedule.

Defendant anticipates filing a Motion for Summary Judgment or Partial Summary Judgment.  Defendant reserves the right to file further motions, including, but not limited to, a motion to bifurcate the damages and liability phases of trial, motion to bifurcate issues related to punitive damages from issues concerning compensatory damages during trial, motions in *limine*, discovery motions, and a motion for leave to amend to file counterclaims against Plaintiff.

**5.   Amendment of Pleadings.**

    **A.  Plaintiff's Position.**

No further amendments are expected at this time, but Parties reserve the right to make any amendments necessary as they conduct discovery and further investigation.

    **B.  Defendant's Position.**

Plaintiff filed his original Complaint on August 6, 2024, and his operative Amended Complaint ("FAC") on October 11, 2024.  Defendant moved to dismiss the FAC and, on December 6, 2024, the Court granted the motion, dismissing Plaintiff's claims of discrimination based on sex, gender, color, and religion, as well as Plaintiff's harassment claim in full.  The

1  Court ordered Plaintiff to file any amended pleadings by December 20, 2024 but Plaintiff elected
2  not to do so.  Pursuant to the Court's Order, Defendant does not anticipate any further
3  amendment of the pleadings and the litigation will proceed with Plaintiff's remaining claims.

**6.     Evidence Preservation.**

Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties met and conferred on December 6, 2024.

The Parties agree to preserve all relevant evidence and intend to work cooperatively on ESI matters as they arise throughout the case.

**7.     Disclosures.**

Parties have agreed to mutually postpone by thirty (30) days deadline for compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and General Order Nos. 56 and 71.

**8.     Discovery.**

**A.     Plaintiff's Position.**

There has been no discovery taken to date. Parties anticipate meeting and conferring regarding existing sources of ESI, including any databases, custodial files, electronic communications, etc. once Defendant completes its initial review of the same.

Plaintiff intends to conduct discovery pursuant to the Federal Rules of Civil Procedure.

**B.     Defendant's Position.**

Defendant will conduct discovery pursuant to the Federal Rules of Civil Procedure, including taking depositions, and intends to take Plaintiff's deposition first.  Defendant reserves the right to seek leave to conduct additional discovery depending on the facts and information revealed during discovery.  Defendant agrees to meet and confer in good faith to resolve any discovery issues.  Should the Parties be unable to resolve discovery issues, Defendant may bring discovery motions before the Court.

**9.     Class Actions.**

The instant lawsuit is not a class action.

**10.    Related Cases.**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body, except that the underlying state court action continues to stay active for status review after removal of the case to federal court purposes only.

**11.    Relief.**

Plaintiff seeks relief as follows: for special and general damages according to proof; for punitive damages; for a permanent injunction prohibiting defendants from discriminating against employees on the basis of disability, gender, sex, race, color, national origin, or ancestry in violation of the Fair Housing and Employment Act; for costs of suit incurred herein; for attorney fees and expert costs on causes of action where the same are available by law, including but not limited to causes of action brought pursuant to the FEHA, Cal. Gov. Code § 12965(b), Code of Civil Procedure § 1021.5, and Cal. Lab. Code §§ 1102.5 and 2802; for prejudgment and post-judgment interest as available by law.  To date, Defendant has neither counterclaimed nor filed an answer.

Defendant denies Plaintiff is entitled to any relief and reserves its rights to seek attorneys' fees and costs, as appropriate.

**12.    Settlement and ADR.**

Parties met and conferred on December 6, 2024, and thereafter filed their respective ADR Certifications. Parties prefer to discuss ADR selection with the assigned judge at the case management conference.

**13.    Other References.**

The parties do not wish to refer the instant controversy to binding arbitration or the Judicial Panel on Multidistrict Litigation. Parties reserve the right to request a special master referral if necessary, though are not requesting it at this time.

**14.    Narrowing of Issues.**

A.    **Plaintiff's Position.**

No issues may be narrowed by agreement or by motion at this time.

**B.     Defendant's Position.**

Defendant agrees to meet and confer as appropriate with regard to narrowing the issues, stipulations, and other matters prior to trial. At this time, in light of the Court's order partially granting Defendant's motion to dismiss the FAC, Defendant is not aware of any further issues that may be narrowed in this litigation. Defendant reserves the right to challenge Plaintiff's claims through discovery or motion practice at a later time.

**15.     Expedited Trial Procedure.**

Parties do not agree to an Expedited Trial Procedure, pursuant to the General Order 64, Attachment A.

**16.     Scheduling.**

The parties propose the following trial and pre-trial deadlines:

| Calendar Event | Proposed Date |
| --- | --- |
| **Fact Discovery Cut Off** | November 7, 2025 |
| **Dispositive Motion Filing Cut Off** | November 21, 2025 |
| **Initial Expert Designations** | February 6, 2026 |
| **Rebuttal Expert Designations** | March 6, 2026 |
| **Expert Discovery Cut Off** | April 17, 2026 |
| **Pretrial Conference** | May 1, 2026 |
| **Trial** | May 11, 2026 |

**17.     Trial.**

The case will be tried to a jury, pursuant to Plaintiff's request for a jury. The Parties anticipate a trial lasting between seven to nine court days.

**18.     Disclosure of Non-party Interested Entities or Persons.**

Defendant previously filed the "Certification of Interested Parties" required by Civil Local Rule 3-15.

There are no entities known by Plaintiff to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.   Professional Conduct.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.   Other.**

The Parties are unaware of other matters relevant to just, speedy, and inexpensive disposition of the matter. Should this change as proceedings continue, the Parties will update Court accordingly.

ROBINSON MARKEVITCH & PARKER LLP

Dated: 12/27/2024           By: /s/ David Markevitch
                                Damion Robinson
                                David Markevitch
                                Counsel for Plaintiff


REED SMITH LLP

Dated: 12/27/2024           By: /s/ Michele Haydel Gehrke
                                Michele Haydel Gehrke
                                Anli (Claudia) Ren
                                Brian M. Noh
                                Attorneys for Defendant
                                Siemens Corporation

The undersigned counsel certifies that all counsel consented to the filing of this document with their electronic signature(s).

/s/ David Markevitch
David Markevitch